IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLIED SYSTEMS, LTD. (L.P.) and
ALLIED AUTOMOTIVE GROUP, INC.,

                      Plaintiffs,                      OPINION AND ORDER

    v.

                                                   10-cv-66-wmc

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, and
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA, and its LOCAL NO. 95,
GORDON RINGHAND, DUANE HARTZLER,
EDWARD ZOELLICK, individually and as the
representatives of a defendant class,

                      Defendants.

---

In this civil action, plaintiffs Allied Systems, Ltd. and Allied Automotive Group, Inc. seek a declaratory judgment that their Collective Bargaining Agreements with UAW Local 95 "do not provide vested, lifetime health insurance, dental insurance, vision insurance, Medicare reimbursement, or life insurance benefits . . . for the retiree class, and that [Allied's] decision to unilaterally terminate those welfare benefits does not violate the LMRA, ERISA, or federal common law." Compl., dkt. #1, ¶2. In their complaint filed on February 11, 2010, Allied alleged "appropriate notice" had been provided to the UAW that the current collective bargaining agreements "will not renew" and, as a result, "final termination of the CBAs will be June 30, 2010." *Id.* ¶9. Despite this, the UAW waited until June 28, 2010 to file a motion for a temporary restraining order and/or temporary injunction seeking to continue the CBAs. Specifically, the UAW maintains that proper, written notice was not provided timely and that the CBAs, therefore, continue in full force and effect until

at least June 30, 2010. Dkt. #28. For the reasons stated, defendants' motion will be denied.

At the telephonic hearing on defendants' TRO motion held at 1 p.m. on June 30, 2010, defendants advised the court that the defendant Union had, in fact, received proper, written notice of termination on February 3, 2010, well before the April 30th contractual deadline, although defendants' counsel was apparently unaware of this fact at the time the motion for TRO was filed. As a result, defendants withdrew their argument that the CBAs continue for an additional year due to untimely notice.

Defendants also mention -- but do not argue -- in their supporting brief that retirees are contractually guaranteed a lifetime of welfare benefits, whether or not the CBAs terminate. Because defendants failed to provide any support for this assertion in their brief or during the hearing, the court does not consider it here, other than to note that Seventh Circuit case law recognizes a presumption against the vesting of welfare benefits when the plan allows an employer to modify or end benefits. *See*, *e.g.*, *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 632-33 (7th Cir. 2004) ("Given our presumption against the vesting of welfare benefits, silence indicates that welfare benefits are not vested. . . . The problem for the plaintiffs is that 'lifetime' may be construed as 'good for life unless revoked or modified.' This construction is particularly plausible if the contract documents include a reservation of rights clause (which, as will be shown, is the case here).").

Because there is no dispute that plaintiffs provided proper notice of termination of the relevant collective bargaining agreements and defendants have advanced no other basis on the merits for entering a TRO, defendants' motion is denied. *See Christian Legal Soc'y v.*

*Walker*, 453 F.3d 853, 859 (7th Cir. 2006) (to obtain preliminary injunctive relief a party must show that it is reasonably likely to succeed on the merits). Further, the court will accept that defendants filed the TRO because of miscommunication, rather than bad faith -- at least to the extent the named union retirees and their counsel were under the misimpression until a few days ago that a written, termination notice had not been provided to the UAW before April 30th. While defendants' counsel's zealousness and concern for the retiree defendants is understandable under the circumstances, it should serve as a reminder of the need for (1) full disclosure between counsel and client and (2) consultation with opposing counsel before jumping to extraordinary measures, such as requesting ex parte action by the court.

ORDER

IT IS ORDERED that defendants' motion for a temporary restraining order and/or temporary injunction (dkt. #28) is DENIED.

Entered this 6th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3